IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                   CIVIL NO.

WILLIAM D. HUNTER,

        Defendant.

## <u>C O M P L A I N T FOR DEBT & MONEY DUE AND TO FORECLOSE SECURITY INTEREST</u>

The United States of America for its complaint against the defendant states the following:

1.   This action is brought under 28 U.S.C. §§ 1345 at the request of the U.S. Department of Agriculture, acting through the Farm Service Agency, ("FSA") by the United States Attorney, District of New Mexico, as authorized by the Attorney General.

2.   Venue properly lies within this Court's district because the execution and delivery of the Note and Mortgage occurred in New Mexico, with personal property situated in New Mexico securing the underlying debt.   With the assumption of the indebtedness by said Note and Mortgage and payment thereof, constitute a transaction of business in New Mexico subjecting the borrower and mortgagors to the jurisdiction of this Court.

3.   Defendant William D. Hunter is a single man currently living in the State of New Mexico.

4.   On or about March 19, 2013, William D. Hunter ("Hunter"), executed and delivered a note to USDA, in the principal sum of Fifty Thousand dollars, $50,000.00 ("Note 1 ").   The Note provided for one payment of $50,625.00, the amount included interest at the rate of 1.25% per annum from the date of the Note.   The Note was to be paid in full on or before March 19, 2014.   The Note provided that upon default in the payment of any installment when due, the holder, at its option, could declare the entire indebtedness due and payable.   A copy of Note 1 is attached as Exhibit 1.

5.   To secure payment of Note 1, and any renewals or extensions thereof, Hunter executed and delivered a Security Agreement to USDA dated March 19, 2013, upon equipment located in Hidalgo County, New Mexico ("Security Agreement").   The Security Agreement was filed with the New Mexico Secretary of State on July 26, 2013 File No. 20130012428E and was properly continued with a refiling on March 6, 2017 File No. 20170102333A both attached hereto as Exhibit 2.

6.   A Statement of Account Declaration attesting to the debt due is attached as Exhibit 3.   The Declaration shows a debt due and owing on Note 1 as of May 31, 2018, of $12,506.56 plus interest calculated at 1.25% on note 1 with a daily accrual of $0.4164 as of May 31, 2018.

7.   Pursuant to the terms of the Notes and Mortgages, Hunter agreed that each and every condition of the Note would be performed.   The installments due upon the Note have not been paid, and pursuant to the terms of the Notes, the United States has accelerated the time for payment of all installments and declared the entire amount of

indebtedness immediately due and payable.   Demand has been made for payment of the Note, but remain due and unpaid.

8.   The Mortgages provide that in the event of default of the Note, the Mortgage is subject to foreclosure as provided by law, and Hunter is liable for expenses and costs.   The terms of the Note have been breached, and the United States is entitled to have the Mortgage foreclosed.   All conditions precedent to enforcement of the Note and foreclosure of the Mortgage have occurred.

9.   After all just credits and offsets are applied on the Note, Hunter currently owes $12,506.56 plus interest calculated at 1.25% on Note 1 with a daily accrual of $0.4164 as of May 31, 2018, to the date of judgment, with interest accruing at the legal rate thereafter until paid, plus the amount of any advances, including ad valorem taxes, a 10% surcharge as provided for by 28 U.S.C. §§ 3011(a), if appropriate, and the United States District Court Clerk filing fee in the amount of $400.00 pursuant to 28 U.S.C. §§ 2412(a)(2).

WHEREFORE, the United States requests the following:

A.   Judgment against Hunter, for the principal and accrued interest of $12,506.56 plus interest calculated at 1.25% on Note 1 with a daily accrual of $0.4164 as of May 31, 2018, to the date of judgment, with interest accruing at the legal rate thereafter until paid, plus any advances, including ad valorem taxes, a 10% surcharge as provided for by 28 U.S.C. §§ 3011, if appropriate, and the United States District Court Clerk filing fee in the amount of $400.00 pursuant to 28 U.S.C. §§ 2412(a)(2).

3

B.   The Mortgage be foreclosed,

C.   The equipment subject to the Note and Mortgage be delivered to an auctioneer to be designated by the United States,

D.   The sale will be conducted by the Auctioneer selected by the United States for cash unless the United States should be the highest and best bidder, in which case the United States shall be allowed up to the amount of its judgment as credit on its bid.

E.   The purchaser at the auction sale take immediate possession and title to the Personal Property free and clear of any and all claims.

F.   The proceeds of the sale be applied as follows:

First, to the payment of the costs and expenses of foreclosure, taxes, advances and statutory fees; next, to the payment of the judgment of the United States; and the balance, if any, to the registry of the Court pending further order or judgment of this Court.

G.   All rights, claims, interests, title, or equity of any defendant and any person claiming through any defendant be barred and foreclosed as to the Personal Property.

H.   The United States recover its costs together with a 10% surcharge as

4

provided in 28 U.S.C. §§ 3011(a), if appropriate, a filing fee of $400.00 pursuant to 28

U.S.C. §§  2412(a)(2) and all such other and further relief as the Court deems proper.

Respectfully Submitted:

JOHN C. ANDERSON
United States Attorney

MANUEL LUCERO
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274
manny.lucero@usdoj.gov

5

This form is available electronically.

Form Approved - OMB No. 0560-0237
*(See Page 3 for Privacy Act and Paperwork Reduction Act Statements.)*

| FSA-2026<br>(12-05-12) | U.S. DEPARTMENT OF AGRICULTURE<br>Farm Service Agency<br>**PROMISSORY NOTE** | Position 2 |

**COPY**

| 1. Name<br>WILLIAM D. HUNTER | 2. State<br>NEW MEXICO | 3. County<br>HIDLAGO |
|---|---|---|
| 4. Case Number<br>36-12-507602144 | 5. Fund Code<br>44 | 6. Loan Number<br>03 | 7. Date<br>03/19/2013 |

| 8. TYPE OF ASSISTANCE<br>112 OL-REG(EX YTH)1YR | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|

9. ACTION REQUIRING PROMISSORY NOTE:

- [X] Initial loan
- [ ] Conservation easement
- [ ] Deferred payments
- [ ] Consolidation
- [ ] Rescheduling
- [ ] Debt write down
- [ ] Subsequent loan
- [ ] Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government"), or its assigns, at its office in *(a)* LAS CRUCES, NEW MEXICO or at such other place as the Government may later designate in writing, the principal sum of *(b)* FIFTY THOUSAND AND NO/100——————————————————————— dollars *(c)* ($ 50,000.00 ), plus interest on the unpaid principal balance at the **RATE** of *(d)* ONE AND ONE QUARTER percent *(e)* 1.250 %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* 1 (ONE) installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 50,625.00 | 03/19/2014 | $ NA | NA |
| $ NA | NA | $ NA | NA |
| $ NA | NA | $ NA | NA |
| $ NA | NA | $ NA | NA |

and *(d)* $ NA thereafter on the *(e)* NA of each *(f)* NA until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* 1 (ONE) years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial _WDH_    Date 3-19-13

**FSA-2026** (12-05-12)                                                                 Page 2 of 3

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a)<br>FUND CODE/<br>LOAN NO. | (b)<br>FACE AMOUNT | (c)<br>INTEREST RATE | (d)<br>DATE<br>*(MM-DD-YYYY)* | (e)<br>ORIGINAL BORROWER | (f)<br>LAST INSTALL.<br>DUE<br>*(MM-DD-YYYY)* |
|---|---|---|---|---|---|
| NA | $ NA | NA % | NA | NA | NA |
| NA | $ NA | NA % | NA | NA | NA |
| NA | $ NA | NA % | NA | NA | NA |
| NA | $ NA | NA % | NA | NA | NA |
| NA | $ NA | NA % | NA | NA | NA |
| NA | $ NA | NA % | NA | NA | NA |
| NA | $ NA | NA % | NA | NA | NA |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _WD&_  Date _3-19-13_

**FSA-2026** (12-05-12)

20.  The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21.  Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note.  Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22.  This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8.  This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23.  Presentment, protest, and notice are waived.

**Signature(s) As Described In State Supplement:**

_William D Hunter_
WILLIAM D. HUNTER
1184 ST HWY 338
ANIMAS, NM 88020

3-19-13
DATE

NOTE:   The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended).  The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.).  The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees.  The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower.  Providing the requested information is voluntary.  However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees.  The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0237.  The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  **RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.**

**This form is available electronically.**

Form Approved - OMB No. 0560-0238
*See Page 7 for Privacy Act and Public Burden Statements).*

| FSA-2028 | U.S. DEPARTMENT OF AGRICULTURE | Position 1 |
|---|---|---|
| (09-03-10) | Farm Service Agency | |

**SECURITY AGREEMENT**

1. **THIS SECURITY AGREEMENT,** dated *(a)* ___**March 19, 2013**___ , is made between the United States of America, acting through the U.S. Department of Agriculture, Farm Service Agency (Secured Party) and *(b)*
   **WILLIAM D HUNTER**

(Debtor), whose mailing address is *(c)*
   **1184 STATE HIGHWAY 338, ANIMAS, NM 88020-9327**

2. **BECAUSE** Debtor is justly indebted to Secured Party as evidenced by one or more certain promissory notes or other instruments, and in the future may incur additional indebtedness to Secured Party which will also be evidenced by one or more promissory notes or other instruments, all of which are called "Note," which has been executed by Debtor, is payable to the order of Secured Party, and authorizes acceleration of the entire indebtedness at the option of Secured Party upon any default by Debtor; and

The Note evidences a loan to Debtor, and Secured Party at any time may assign the Note to any extent authorized by the Consolidated Farm and Rural Development Act or any other Act administered by Secured Party; and

It is the purpose and intent of this Security Agreement to secure prompt payment of the Note and the timely performance of all obligations and covenants contained in this Security Agreement; and

**NOW THEREFORE,** in consideration of said loans and *(1)* to secure the prompt payment of all existing and future indebtedness and liabilities of Debtor to Secured Party and of all renewals and extensions of such indebtedness and any additional loans or future advances to Debtor before or after made by Secured Party under the then existing provisions of the Consolidated Farm and Rural Development Act or any other Act administered by Secured Party all with interest; *(2)* in any event and at all times to secure the prompt payment of all advances and expenditures made by Secured Party, with interest, as described in this Security Agreement; and *(3)* the timely performance of every covenant and agreement of Debtor contained in this Security Agreement or in any supplementary agreement.

**DEBTOR GRANTS** to Secured Party a security interest in Debtor's interest in the following described collateral, including the proceeds and products thereof, accessions thereto, future advances and security acquired hereinafter (collateral); provided however the following description of specific items of collateral shall not in any way limit the collateral covered by this Security Agreement and the Secured Party's interest therein *(a)*:

Initial _WDH_ Date _3-19-13_

EXHIBIT
2

FSA-2028 (09-03-10)

(b) All crops, annual and perennial, and other plant or farm products now planted, growing or grown, or harvested or which are planted after this Security Agreement is signed or otherwise become growing or harvested crops or other plant products *(1)* within the one-year period or any longer period of years permissible under State law, or *(2)* at any time after this Security Agreement is signed if no fixed maximum period is prescribed by State law, including crops and plant products now planted, to be planted, growing or grown or harvested on the following described real estate:

| (1)<br>Farm or Other Real Estate Owner | (2)<br>Approximate<br>Number of Acres | (3)<br>County and State | (4)<br>Approximate Distance and Direction<br>from Named Town or Other<br>Description |
|---|---|---|---|
| 337 William Hunter | 400 | SHERIDAN, NE | Nebraska |
| 84 William Hunter | 160 | HIDALGO, NM | In Cotton City NM near MM12 |

Including all entitlements, benefits, and payments from all State and Federal farm programs; all crop indemnity payments; all payment intangibles arising from said crops and all general intangibles arising from said crops; and all allotments and quotas existing on or leased and transferred or to be leased and transferred to the above described farms as well as any proceeds derived from the conveyance or lease and transfer by the Debtor to any subsequent party.

Initial _WDH_    Date _3-19-13_

FSA-2028 (09-03-10)

(c)  All farm and other equipment (except small tools and small equipment such as hand tools, power lawn mowers and other items of like type unless described below), and inventory, now owned or hereafter acquired by Debtor, together with all replacements, substitutions, additions, and accessions thereto, including but not limited to the following which are located in the State(s) of *(1)*   __New Mexico__   :

| (2) Line No. | (3) Quantity | (4) Kind | (5) Manufacturer | (6) Size and Type | (7) Condition | (8) Year | (9) Serial or Model No. |
|---|---|---|---|---|---|---|---|
| 1 | 1 | Horse Trailer | 4 Star | 5 horse | | | 1F9F24206G0113198 |
| 2 | 1 | Steel Trailer | Coose | 18' | | | 169HT1826NM202258 |
| 3 | 1 | Car Trailer | | | | | |
| 4 | 1 | Tractor | John Deere | 4020 | Average | | 21566R |
| 5 | 1 | Tractor | John Deere | 4010 | Average | | 21T43661 |
| 6 | 1 | Tractor | Ford | 600 | Average | | |
| 7 | 1 | Baler | New Holland | 575 | Good | | 90286 |
| 8 | 1 | Swather | Heston | 1120 | Good | | HN53123 |
| 9 | 1 | Disc | John Deere | 16' | Average | | |
| 10 | 1 | Motor | Case IH | 4391TA | Good | | 1U0020 |
| 11 | 1 | Bale Wagon | New Holland | 1033 | Average | | |
| 12 | 1 | Border Disc | | Border | Good | | |
| 13 | 1 | Blade | Leinbach | 6' | Good | | |
| 14 | 1 | Brillion | Brillion | 8' | Average | | |
| 15 | 1 | Challenger Baler | Catapillar | RB 46 4x6 | Good | 2008 | 1811466 |
| 16 | 1 | Rake | H&S | 14 wheel | Good | | |
| 17 | 1 | Loader | Ag Krane | 3 point | Good | | 20097 |
| 18 | 1 | Disc | | 8ft | Good | | |
| 19 | 1 | Blade | | 8ft | Good | | |
| 20 | 1 | Rock Rake | | 8ft | Good | | |
| 21 | 1 | Box Scraper | | 7ft | Good | | |

(10) Including the following described fixtures which are affixed, or are to be affixed to real estate, as extracted collateral; or timber to be cut, all of which, together with the associated real estate, are more particularly described as follows:

Initial _WDH_     Date _3-19-13_

FSA-2028 (09-03-10)                                                                                                    Page 4 of 7

(d)  All livestock (except livestock and poultry kept primarily for subsistence purposes), fish, bees, birds, furbearing animals,
    other animals produced or used for commercial purposes, other farm products, and supplies, now owned or hereafter
    acquired by Debtor, together with all increases, replacements, substitutions, and additions thereto, including but not limited
    to the following located in the State(s) of *(1)* _____ New Mexico ___ :

| (2)<br>Line<br>No. | (3)<br>Quantity | (4)<br>Kind or Sex | (5)<br>Breed | (6)<br>Color | (7)<br>Weight | (8)<br>Age | (9)<br>Brand or Other Identification |
|---|---|---|---|---|---|---|---|
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |

Initial _WDH_    Date _3-19-17_

(e)  All accounts, deposit accounts, goods, supplies, inventory, supporting obligations, investment property, certificates of title, payment intangibles, and general intangibles, including but not limited to the following:

## 3. DEBTOR WARRANTS, COVENANTS, AND AGREES THAT :

(a)  Debtor is the absolute and exclusive owner of the above-described collateral, and any marks or brands used to describe livestock are the holding brands and carry the title, although the livestock may have other marks or brands, and such collateral is free from all liens, encumbrances, security and other interests except *(1)* any existing liens, encumbrances, security or other interests in favor of Secured Party which shall remain in full force and effect; *(2)* any applicable landlord's statutory liens; and *(3)* other liens, encumbrances, security or other interests previously disclosed to Secured Party in the loan application, farm operating plan or other loan documents. Debtor will defend the collateral against the claims and demands of all other persons.

(b)  Statements contained in Debtor's loan application and related loan documents are true and correct and that Debtor's name, as stated in the loan application and in this Security Agreement, is Debtor's complete legal name; and Debtor will *(1)* use the loan funds for the purposes for which they were or are advanced; *(2)* comply with such farm operating plans as may be agreed upon from time to time by Debtor and Secured Party; *(3)* care for and maintain collateral in a good and husbandlike manner; *(4)* insure the collateral in such amounts and manner as may be required by Secured Party, and if Debtor fails to do so, Secured Party, at its option, may procure such insurance; *(5)* permit Secured Party to inspect the collateral at any reasonable time; *(6)* not abandon the collateral or encumber, conceal, remove, sell or otherwise dispose of it or of any interest in the collateral, or permit others to do so, without the prior written consent of Secured Party; *(7)* not permit the collateral to be levied upon, injured or destroyed, or its value to be impaired, except by using harvested crops in amounts necessary to care for livestock covered by this Security Agreement; and *(8)* maintain accurate records of the collateral, furnish Secured Party any requested information related to the collateral and allow Secured Party to inspect and copy all records relating to the collateral.

(c)  Debtor will pay promptly when due all *(1)* indebtedness evidenced by the Note and any indebtedness to Secured Party secured by this Security Agreement; *(2)* rents, taxes, insurance premiums, levies, assessments, liens, and other encumbrances, and costs of lien searches and maintenance and other charges now or later attaching to, levied on, or otherwise pertaining to the collateral or this security interest; *(3)* filing or recording fees for instruments necessary to perfect, continue, service, or terminate this security interest; and *(4)* fees and other charges now or later required by regulations of the Secured Party.

(d)  Secured Party is authorized to file financing statements describing the collateral, to file amendments to the financing statements and to file continuation statements.

(e)  Debtor will immediately notify Secured Party of any material change in the collateral or in the collateral's location; change in Debtor's name, address, or location; change in any warranty or representation in this Security Agreement; change that may affect this security interest or its perfection; and any event of default.

(f)  Secured Party may at any time pay any other amounts required in this instrument to be paid by Debtor and not paid when due, including any costs and expenses for the preservation or protection of the collateral or this security interest, as advances for the account of Debtor. All such advances shall bear interest at the rate borne by the Note which has the highest interest rate.

(g)  All advances by Secured Party as described in this Security Agreement, with interest, shall be immediately due and payable by Debtor to Secured Party without demand and shall be secured by this Security Agreement. No such advance by Secured Party shall relieve Debtor from breach of the covenant to pay. Any payment made by Debtor may be applied on the Note or any indebtedness to Secured Party secured hereby, in any order Secured Party determines.

(h)  In order to secure or better secure the above-mentioned obligations or indebtedness, Debtor agrees to execute any further documents, including additional security instruments on such real and personal property as Secured Party may require and to take any further actions reasonably requested by Secured Party to evidence or perfect the security interest granted herein or to effectuate the rights granted to Secured Party herein.

Initial _4DD_    Date _3-19-13_

FSA-2028 (09-03-10)

## 4. IT IS FURTHER AGREED THAT:

(a)  Until default, Debtor may retain possession of the collateral.

(b)  **Default** shall exist under this Security Agreement if Debtor fails to perform or discharge any obligation or to pay promptly any indebtedness secured by this Security Agreement or to observe or perform any covenants or agreements in this Security Agreement or in any supplementary agreement contained, or if any of Debtor's representations or warranties herein prove false or misleading, or upon the death or incompetency of the parties named as Debtor, or upon the bankruptcy or insolvency of any one of the parties named as Debtor. Default shall also exist if any loan proceeds are used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands, as described in 7 CFR Part 1940, Subpart G, Exhibit M or any successor regulation. Upon any default:

(1)  Secured Party, at its option, with or without notice as permitted by law may (a) declare the unpaid balance on the Note and any indebtedness secured by this Security Agreement immediately due and payable; (b) enter upon the premises and cultivate and harvest crops, take possession of, repair, improve, use, and operate the collateral or make equipment usable, for the purpose of protecting or preserving the collateral or this lien, or preparing or processing the collateral for sale, and (c) exercise any sale or other rights accorded by law. Secured Party may disclaim all warranties relating to title, possession, quiet enjoyment, merchantability, fitness or the like in any disposition of the collateral;

(2)  Debtor (a) agrees to assemble the collateral and make it available to Secured Party at such times and places as designated by Secured Party; and (b) waives all notices, exemptions, compulsory disposition and redemption rights;

(3)  A default shall exist under any other security instrument held by Secured Party and executed or assumed by Debtor on real or personal property. Likewise, default under such other security instrument shall constitute default under this Security Agreement.

(c)  Proceeds from disposition of collateral shall be applied first on expenses of retaking, holding, preparing for sale, processing, selling and the like and for payment of reasonable attorneys' fees and legal expenses incurred by Secured Party, second to the satisfaction of prior security interests or liens to the extent required by law and in accordance with current regulations of the Secured Party, third to the satisfaction of indebtedness secured by this Security Agreement, fourth to the satisfaction of subordinate security interests to the extent required by law, fifth to any obligations of Debtor owing to Secured Party and sixth to Debtor. Any proceeds collected under insurance policies shall be applied first on advances and expenditures made by Secured Party, with interest, as provided above, second on the debt evidenced by the Note, unless Secured Party consents in writing to their use by Debtor under Secured Party's direction for repair or replacement of the collateral, third on any other obligation of Debtor owing to Secured Party, and any balance shall be paid to Debtor unless otherwise provided in the insurance policies. Debtor will be liable for any deficiency owed to Secured Party after such disposition of proceeds of the collateral and insurance.

(d)  It is the intent of Debtor and Secured Party that to the extent permitted by law and for the purpose of this Security Agreement, no collateral covered by this Security Agreement is or shall become realty or accessioned to other goods.

(e)  Debtor agrees that the Secured Party will not be bound by any present or future State exemption laws. Debtor expressly **WAIVES** the benefit of any such State laws.

(f)  Secured Party may comply with any applicable State or Federal law requirements in connection with the disposition of the collateral and compliance will not be considered to adversely affect the commercial reasonableness of any sale of the collateral.

(g)  This Security Agreement is subject to the present regulations of the Secured Party and to its future regulations not inconsistent with the express provisions of this Security Agreement.

(h)  If any provision of this Security Agreement is held invalid or unenforceable, it shall not affect any other provisions, but this Security Agreement shall be construed as if it had never contained such invalid or unenforceable provision.

Initial _W DH_  Date _3-19-17_

**FSA-2028** (09-03-10)

(i)  The rights and privileges of Secured Party under this Security Agreement shall accrue to the benefit of its successors and assigns. All covenants, warranties, representations, and agreements of Debtor contained in this Security Agreement are joint and several and shall bind personal representatives, heirs, successors, and assigns.

(j)  If at any time it shall appear to Secured Party that Debtor may be able to obtain a loan from other credit sources, at reasonable rates and terms for loans for similar purposes and periods of time, Debtor will, upon Secured Party's request, apply for and accept such loan in sufficient amount to pay the Note and any indebtedness secured by this Security Agreement. Debtor will be responsible for any application fees or purchase of stock in connection with such loan. The provisions of this paragraph do not apply if the Note secured by this Security Agreement is for a Conservation Loan.

(k)  Failure of the Secured Party to exercise any right, whether once or often, shall not be construed as a waiver of any covenant or condition or of the breach of such covenant or condition. Such failure shall also not affect the exercise of such right without notice upon any subsequent breach of the same or any other covenant or condition.

(l)  **SECURED PARTY HAS INFORMED DEBTOR THAT DISPOSAL OF PROPERTY COVERED BY THIS SECURITY AGREEMENT WITHOUT THE CONSENT OF SECURED PARTY, OR MAKING ANY FALSE STATEMENT IN THIS SECURITY AGREEMENT OR ANY OTHER LOAN DOCUMENT, MAY CONSTITUTE A VIOLATION OF FEDERAL CRIMINAL LAW .**

## 5.  CERTIFICATION

*I certify that the information provided is true, complete and correct to the best of my knowledge and is provided in good faith. (Warning: Section 1001 of Title 18, United States Code, provides for criminal penalties to those who provide false statements.  If any information is found to be false or incomplete, such finding may be grounds for denial of the requested action.)*

6A.  *William D Hunter*                      6B.  (Date)  3-19-13

WILLIAM D HUNTER

_____                      (Date) _____

Debtor

---

NOTE:  *The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0238.  The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  **RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.***

---

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).*

*To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.*

3-6-17

## CONTINUATION OR TERMINATION OF AN
## EFFECTIVE FINANCING STATEMENT

This statement refers to the original Effective Financing Statement, Document No. _____ 20120004279J _____ filed on

(date) _____ 03/06/2012 _____ . Said Effective Financing Statement is hereby affected as indicated below.

| 1. DEBTOR | 2. ADDITIONAL DEBTOR | 3. ADDITIONAL DEBTOR |
|---|---|---|
| NAME (LAST, FIRST) | NAME (LAST, FIRST) | NAME (LAST, FIRST) |
| Hunter, William | Hunter, Bill (AKA) | |
| MAILING ADDRESS | MAILING ADDRESS | MAILING ADDRESS |
| 1184 State Hwy 338 | 1184 State Hwy 338 | |
| CITY, STATE & ZIP CODE | CITY, STATE & ZIP CODE | CITY, STATE & ZIP CODE |
| Animas, NM  88020 | Animas, NM  88020 | |
| SOC. SEC. NO. OR FED. TAX I.D. NO. | SOC. SEC. NO. OR FED. TAX I.D. NO. | SOC. SEC. NO. OR FED. TAX I.D. NO. |
| 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 | 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 | |

| 4. ADDITIONAL DEBTOR | 5. PRIMARY SECURED PARTY | 6. SECONDARY SECURED PARTY |
|---|---|---|
| NAME (LAST, FIRST) | NAME (LAST, FIRST) | NAME (LAST, FIRST) |
| | United States of America acting through Farm Service Agency | |
| MAILING ADDRESS | MAILING ADDRESS | MAILING ADDRESS |
| | 760 Stern Drive, Ste. 103 | |
| CITY, STATE & ZIP CODE | CITY, STATE & ZIP CODE | CITY, STATE & ZIP CODE |
| | Las Cruces, NM  88005 | |
| SOC. SEC. NO. OR FED. TAX I.D. NO. | | |

7. Check appropriate box (only one action may be indicated):

 __X__ Continuation–The original Effective Financing Statement between the foregoing Debtor(s) and Secured Party bearing the file number shown above is hereby extended and continued for the full period allowed by law.

 _____ Termination (Notice of Lapse). The secured party hereby terminates the Effective Financing Statement bearing the file number shown above.

FOR OFFICE USE ONLY

Signature(s) of Secured Party(ies) Below:

Josh Sanchez,

Farm Loan Officer

Office of the New Mexico Secretary of State
EFS Number: 20120004279J
Filing Number: 20170102333A
Filed On: 3/6/2017 8:00:00 AM
Total Number of pages:1

## INSTRUCTIONS

Information relating to document number and the date filed should be taken directly from the confirmation copy of original filing.

Blocks 1 thru 6. Complete information relating to Debtors and Secured Party as such appears on the original Effective Financing Statement or amendment.

Block 7. Check appropriate box to indicate whether this document is a continuation or a termination (Notice of Lapse). Only one action may be indicated.

Signatures of all Secured Party(ies ) are required for a Continuation or for a Termination (Notice of Lapse).

WHITE & CANARY– TO BE FILED WITH THE OFFICE OF THE SECRETARY OF STATE. PINK – SECURED PARTY'S COPY. Goldenrod  – DEBTOR'S COPY.

FILING FEE $11.50

VALIANT ENTERPRISES, INC. • ALBUQUERQUE, NEW MEXICO • 7/93

EFS 1 - EFFECTIVE FINANCING STATEMENT (FF-1302) (8/94)

## EFFECTIVE FINANCING STATEMENT

This statement must be typed or printed. Illegible statements will be re

File Number: 20120004279J
Date Filed: 03/06/2012 08:00 AM
Dianna J. Duran
Secretary of State

| 1. DEBTOR | 2. ADDITIONAL DEBTOR | 3. ADDITIONAL DEBTOR |
|---|---|---|
| NAME (LAST, FIRST) | NAME (LAST, FIRST) | NAME (LAST, FIRST) |
| Hunter, William | Hunter, Bill    (AKA) | |
| MAILING ADDRESS | MAILING ADDRESS | MAILING ADDRESS |
| 1184 State Hwy 338 | 1184 State Hwy 338 | |
| CITY    STATE    ZIP CODE | CITY    STATE    ZIP CODE | CITY    STATE    ZIP CODE |
| Animas, NM    88020 | Animas, NM    88020 | |
| SS#, Soc Sec or Fed Tax I.D. No. | SS#, Soc Sec or Fed Tax I.D. No. | SS#, Soc Sec or Fed Tax I.D. No. |
| 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 | 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 | |

| 4. ADDITIONAL DEBTOR | 5. PRIMARY SECURED PARTY | 6. SECONDARY SECURED PARTY |
|---|---|---|
| NAME (LAST, FIRST) | NAME (LAST, FIRST) | NAME (LAST, FIRST) |
| | UNITED STATES OF AMERICA, FARM SERVICE AGENCY | |
| MAILING ADDRESS | MAILING ADDRESS | MAILING ADDRESS |
| | 2509 N. Telshor Ste. B | |
| CITY    STATE    ZIP CODE | CITY    STATE    ZIP CODE | CITY    STATE    ZIP CODE |
| | Las Cruces, NM  88011 | |
| SS# OR FED TAX ID# | SS# OR FED TAX ID# | SS# OR FED TAX ID# |

## 7. PRODUCTS SUBJECT TO SECURITY INTERESTS   A separate line must be used for each product, year and county.
The secured party has a security interest in the following farm products and proceeds of the Debtor.

| CODE | PRODUCT NAME | CROP YEAR CODE | COUNTY NAME | PRODUCT DESCRIPTION WHEN LESS THAN ALL OF PRODUCT IS COVERED BY SECURITY INTEREST. |
|---|---|---|---|---|
| 209 | Alfalfa Hay | 13 | Hidalgo | |
| 213 | Grass Hay (Timothy) | 13 | Hidalgo | |
| 207 | Barley | 13 | Hidalgo | |
| 212 | Millet | 13 | Hidalgo | |
| 101 | Cattle/Beef | 13 | Hidalgo | |

Check here if this filing is for all crop years: ___X___

All amounts/quantities of farm products listed, unless otherwise designated above, located or produced in the counties designated above, are subject to the secured party's interest; unless a specific crop year is indicated, this statement is applicable for every crop year for the duration of this statement and any continuation thereof.

FOR OFFICE USE ONLY

Signature(s) of Debtor(s) below:

*William S Hunter*

William Hunter

*Bill Hunter*

Bill Hunter

Signatures of Secured Party below:

*Josh Sanchez*

Josh Sanchez
Farm Loan Officer

White & Canary–To be filed with the Office of the Secretary of State  Pink–Secured Party's Copy  Gold–Debtor's Copy
Filing Fee $11.5

VALLIANT ENTERPRISES, INC. • ALBUQUERQUE, NEW MEXICO • 11/99

State of New Mexico
Effective Financial Statement 1 Page(s)



T1206703003

Corporations Division                                                      Page 1 of 1



**Search Results**                                                   🏠Home

| IFS # | Lien Type | Debtor Name | Debtor Type | Debtor Address | Lapse Date |
|-------|-----------|-------------|-------------|----------------|------------|
| 20130012428E | Initial Financing Statement | William D Hunter | INDIVIDUAL | 61 S BOOKOUT RD, TULAROSA, NM 88352 USA | 07/26/2018 |

**Total No. of Records: 1 Page 1 of 1**

[ Back ]

**File Number: 20130012428E**
**Date Filed: 07/26/2013 06:10 PM**
**Dianna J. Duran**
**Secretary of State**

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
UCC Direct Services (CT Corporation)

B. SEND ACKNOWLEDGMENT TO:  (Name and Address)

UCC Direct Services (CT Corporation)
545 West 19th Street
Houston TX 77008
EMail: Donna_Klenke@uccdirect.com

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME

1a. ORGANIZATION'S NAME

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| Hunter | William | D | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 61 S Bookout Rd | Tularosa | NM | 88352 | USA |

| 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID # | |
|---|---|---|---|
| | NM | None | ☐ None |

1. SECURED PARTY'S NAME

2a. ORGANIZATION'S NAME

OR  FARM CREDIT SERVICES OF AMERICA, PCA

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| PO BOX 2409 | Omaha | NE | 68103 | USA |

This FINANCING STATEMENT covers the following collateral:

John Deere 4840 Tractor 4840P007743R

| 5. ALTERNATE NAME DESIGNATION | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC |
|---|---|---|---|---|---|---|

9. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS

8. OPTIONAL FILER REFERENCE DATA
47640458 NM-0-391 54363-47640458

Corporations Division                                                          Page 1 of 1



**Search Results**                                                        🏠Home

| IFS # | Lien Type | Debtor Name | Debtor Type | Debtor Address | Lapse Date |
|-------|-----------|-------------|-------------|----------------|------------|
| 20120004163M | Initial Financing Statement | William Hunter | INDIVIDUAL | 1184 STATE HWY 338, ANIMAS, NM 88020 USA | 03/07/2022 |
| 20130012428E | Initial Financing Statement | William D Hunter | INDIVIDUAL | 61 S BOOKOUT RD, TULAROSA, NM 88352 USA | 07/26/2018 |

**Total No. of Records: 2 Page 1 of 1**

Back

Corporations Division



UCC Search ▶ Search Results ▶

**Search Results**                                                        🏠 Home

**Filing Information**

| Initial Financing Statement # | Status | Created Date | Lien Type | Lapse Date |
|---|---|---|---|---|
| 20120004163M | ACTIVE | 03/07/2012 | Initial Financing Statement | 03/07/2022 |

| Filing # | Filing Type | Filing Comment | Date Filed | Microfilm # | View File |
|---|---|---|---|---|---|
| 20120004163M | Initial Financing Statement | | 03/07/2012 | | 📄 |
| 20179724917B | Continuation | Amendment-Continuation | 03/06/2017 | | 📄 |

Back

██████
██████
██████
██████

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Joshua Sanchez(575)522-8775,ext 2

B. SEND ACKNOWLEDGMENT TO:  (Name and Address)

USDA, FARM SERVICE AGENCY
FARM LOANS
2509 N. Telshor, Ste. B
Las Cruces, NM  88011

File Number: 20120004163M
Date Filed: 03/07/2012 08:00 AM
Dianna J. Duran
Secretary of State

State of New Mexico
UCC1 Initial Filing 1 Page(s)

T1206704050

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

1b. INDIVIDUAL'S LAST NAME: Hunter | FIRST NAME: William | MIDDLE NAME | SUFFIX
1c. MAILING ADDRESS: 1184 State Hwy 338 | CITY: Animas | STATE: NM | POSTAL CODE: 88020 | COUNTRY: USA

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

2b. INDIVIDUAL'S LAST NAME: Hunter | FIRST NAME: Bill | MIDDLE NAME | SUFFIX
2c. MAILING ADDRESS: 1184 State Hwy 338 | CITY: Animas | STATE: NM | POSTAL CODE: 88020 | COUNTRY: USA

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

3a. ORGANIZATION'S NAME: UNITED STATES OF AMERICA, FARM SERVICE AGENCY
3c. MAILING ADDRESS: 2509 N. Telshor, Ste. B | CITY: Las Cruces | STATE: NM | POSTAL CODE: 88011 | COUNTRY: USA

4. This FINANCING STATEMENT covers the following collateral:

(a) All crops, livestock, farm products, equipment, certificates of title, goods, supplies, inventory, accounts, deposit accounts, supporting obligations, payment intangibles, general intangibles, investment property, crop insurance indemnity payments, and all entitlements, benefits, and payments from all state and federal farm programs:

(b) All other crops, machinery, and equipment here in acquired including:
1986 4 Star 5 horse gooseneck trailer, Serial Number 1F9F24206G01198

Disposition of such collateral is not hereby authorized.

5. ALTERNATIVE DESIGNATION (if applicable): ☑ AG. LIEN

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

## OFFICE OF THE NEW MEXICO SECRETARY OF STATE



**UCC FINANCING STATEMENT AMENDMENT**
FOLLOW INSTRUCTIONS

| A. NAME & PHONE OF CONTACT AT FILER (optional) |
|---|
| **FARM SERVICE AGENCY STATE OFFICE** |
| B. E-MAIL CONTACT AT FILER (optional) |
| **ana.gallegos@nm.usda.gov** |
| C. SEND ACKNOWLEDGMENT TO: (Name and Address) |

> FLORA JAQUEZ
> DONA ANA COUNTY, 760 STERN DRIVE, STE. 103
> LAS CRUCES, NM 88005 USA

```
**ELECTRONICALLY FILED**
Office of the New Mexico Secretary of State
IFS Number: 20120004163M
Filing Number: 20179724917B
Filed on: 03/06/2017 02:06 PM
Total Number of Pages: 2
```

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

**1. INITIAL FINANCING STATEMENT FILE NUMBER**
20120004163M

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

**3.** ☐ **ASSIGNMENT (full or partial):** Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

**4.** ☑ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is
continued for the additional period provided by applicable law

**5.** ☐ **PARTY INFORMATION CHANGE:**

Check one of these two boxes:

This Change affects ☐ Debtor or ☐ Secured Party of record  **AND**

Check one of these three boxes to:

☐ CHANGE name and/or address:
Complete item 6a or 6b; and item
7a or 7b and item 7c

☐ ADD name:
Complete item 7a or
7b, and item 7c

☐ DELETE name: Give
record name to be deleted
in item 6a or 6b

**6. CURRENT RECORD INFORMATION:** Complete for Party Information Change - provide only one name (6a or 6b)

| | | | | |
|---|---|---|---|---|
| | 6a. ORGANIZATION'S NAME | | | |
| OR | 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

**7. CHANGED OR ADDED INFORMATION:** Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| | | | | |
|---|---|---|---|---|
| | 7a. ORGANIZATION'S NAME | | | |
| OR | 7b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

**8.** ☐ **COLLATERAL CHANGE:** Also check one of these four boxes: ☐ ADD collateral ☐ DELETE collateral ☐ RESTATE covered collateral ☐ ASSIGN collateral
Indicate collateral:

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT:** Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)

If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| OR | 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | UNITED STATES OF AMERICA, FARM SERVICE AGENCY | | | |
| | 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | | |

**10. OPTIONAL FILER REFERENCE DATA:**

# UNITED STATES DEPARTMENT OF AGRICULTURE
## FARM SERVICE AGENCY
## ALBUQUERQUE NM

### CERTIFICATE OF INDEBTEDNESS

Debtor(s) Name(s) and

Address(es) :

William D Hunter

1184 State Highway 338

Animas NM  88020-9327

Total debt due United States as of  May 31, 2018        :        $  12,506.56

I certify that Agency records show that the debtor(s) named above is/are indebted to the United States in the amount stated above, plus additional interest on the principal balance of $ 12,160.69                      from May 31, 2018                      at the annual rate of  1.25        %. Interest accrues on the principal amount of this debt at the rate of $ 0.4164                      per day.

The claim arose in connection with monies loaned by the United States.

*[Statement of the relevant facts, including: How the debtor(s) became indebted to the United States; the date the debtor(s) defaulted on the loan, note, or obligation; principal balance of the debt; amount and rate of accrued interest on principal balance; additional charges such as penalties and administrative costs; date of last voluntary payment; and statutory authorities.]*

The claim arose in connection with an annual operating loan made by the USDA, Farm Service Agency (FSA).  The loan originated on 03/19/2013 in the principal amount of $33,000.00 and matured on 03/19/2014.  The borrower made no payments on the loan until 02/19/2016 when he voluntarily sold some of the equipment that was being held as security.  This is the only payment that has been applied to the debt as of this date.  On 09/26/2017, FSA charged the borrower an administrative cost of $10.00 for filing fees on the continuation of a UCC that had been filed on chattel security.

Current Borrower Debt:

#44-01   Principal Balance: $12,150.69
         Accrued Interest:      345.79  thru 5/31/2018 @ 1.25%
         Daily Accrual:           0.4161

#44-99   Principal Balance: $    10.00
         Accrued Interest:        0.08  thru 5/31/2018 @ 1.25%
         Daily Accrual:           0.0003

Total Principal and Interest due thru 5/31/2018 = $12,506.56

CERTIFICATION: Pursuant to 28 USC § 1746, I certify under penalty of perjury that the foregoing is true and correct.

LeAnn Gibbs

Digitally signed by LISA GIBBS
DN: c=US, o=U.S. Government, ou=Department of Agriculture,
cn=LISA GIBBS, 0.9.2342.19200300.100.1.1=12001001060282
Date: 2018.05.31 11:09:01 -06'00'
Adobe Acrobat DC version: 2015.006.30418

May 31, 2018

(Name and Title) (Signature)                    (Date)

EXHIBIT
3

JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United State of America

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Manuel Lucero, Assistant United States Attorney
P.O. Box 607, Alb., NM 87102
(505) 346-7274

## DEFENDANTS
William D. Hunter

County of Residence of First Listed Defendant   Hidalgo
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 365 Personal Injury - Product Liability | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 895 Freedom of Information Act |
| ☒ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | **IMMIGRATION** | |
| | | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | |
| | | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | |

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1345; 12 U.S.C. § 1715
Brief description of cause:
Complaint for foreclosure

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $   12,506.56
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE   05/31/2018
SIGNATURE OF ATTORNEY OF RECORD   /s/ Manuel Lucero, Assistant United States Attorney

**FOR OFFICE USE ONLY**
RECEIPT # ___   AMOUNT ___   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___