# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____

UNITED STATES OF AMERICA,

      Plaintiffs,

vs.                                                                    1:18-cv-00508-KWR-LF

WILLIAM D. HUNTER,

      Defendant.

### ORDER GRANTING EXTENSION AND ORDER TO SHOW CAUSE
### WHY CASE SHOULD NOT BE ADMINISTRATIVELY CLOSED

**THIS MATTER** comes before the Court following the Government's status report **(Doc. 38).**

A default judgment, decree of foreclosure, and order of sale was entered in this case by United States District Judge Kenneth Gonzales on December 10, 2018. **Doc. 12.** Therein the Court entered an _in rem_ judgment and declared that the United States had an interest in the subject property. The Court ordered that the equipment subject to the Note and Security agreement be delivered to an auctioneer and sold. Almost three years later, the property has not been seized and it has not been sold.

Defendant was not cooperative and did not allow the agents and local sheriff's office entry onto the property. On November 1, 2019, the Government filed a motion for writ of assistance. The Court subsequently entered a writ of assistance without objection. The Court has repeatedly filed orders for status reports, and the Government has repeatedly requested continuances. These continuances have been granted. Most recently, the Court provided that "Plaintiff is granted an extension until October 20, 2021, to execute the Writ of Entry and Assistance. No further

extensions will be granted, absent a showing of extraordinary circumstances. Plaintiff will file a status report no later than October 27, 2021, updating the Court on the status of execution as well as its plan to finalize this case." **Doc. 37.** The Government filed a status report, requesting another extension. **Doc. 38.** It stated that all entrances to the farm were blocked with heavy equipment, and the main gate remains locked. The status report also stated that "[t]he United States is concerned with the safety of the Marshall assigned to obtain the equipment and for the safety of the Department of Agriculture [personnel] and for the auctioneer who has been contracted to take position of the equipment. The United States needs more time for the Marshal to formulate a plan to safely enter the property and remove the equipment." **Doc. 38 at 2.** The Court will **GRANT** Plaintiff's requested 90-day extension. Plaintiff **shall have ninety (90) days from the entry of this order** to execute the writ and take possession of the equipment in this matter. The Court may not grant further extensions absent extraordinary circumstances.

However, the Court will direct the Government to show cause why this case should remain open while it acts on its post-judgment remedies.

Generally, a case is administratively closed when a judgment is entered. In this district, foreclosure cases initiated by the Government are also closed when the default judgment, decree of foreclosure, and order of sale is entered. *See United States of America v. Dorothy Rita Godin*, 11-cv-377 (D.N.M.) (case administratively closed on March 8, 2012 when default judgment, decree of foreclosure, and order of sale was entered); *United States of America v. Jack L. Muse, Lana C. Muse, and American Heritage Bank*, 04-cv-109 (D.N.M.) (case closed on March 3, 2005 when default judgment and decree of foreclosure entered); *United States of America v. Eastern Plans Housing Development Corporation*, 15-cv-00976 (D.N.M) (case closed on day default judgment and decree of foreclosure was entered). Therefore, it appears this case should have been

2

closed when default judgment, decree of foreclosure, and order of sale (**Doc. 12**) was entered on December 10, 2018.

Generally, the administrative closure of a case does not prohibit a party from pursuing post-judgment remedies. Rather, in this district post-judgment remedies generally occur *after* judgment has been entered and the case has been administratively closed.

Therefore, the Plaintiff should show cause why this case should not be administratively closed within **fourteen (14) days of the entry of this order.** If the Plaintiff does not respond to this order, the Court may administratively close this case without further notice.

**IT IS SO ORDERED.**

**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**

3